

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**PERNELL M. TELFORT**
*Assistant Corporation Counsel*
Phone: (212) 356-3541
Fax: (212) 356-3509
ptelfort@law.nyc.gov

October 21, 2015

**VIA ECF**
Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201

    Re:  Benjamin Holmes v. City of New York, et al., 14-CV-10232 (KBF) (

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter.  I write in response to plaintiff's letter dated October 19, 2015 alleging deficiencies in defendants' discovery.

### Injured officer's medical records

    The injured officer's medical records were requested and the undersigned personally went to St. Luke's Hospital to obtain the records.  The records are currently stored in a warehouse.  The records office ordered the records and indicated that we will likely be able to obtain the records by Friday.  Defendants will promptly produce the records as soon as they are available.

### Photographs of the injured officers injuries

    Defendants have not located the photographs of the injured officer's injury.  Officers indicated that the photographs were forwarded to the District Attorney's Office.  The undersigned spoke with representatives from the District Attorney's Office.  The representative indicated that the District Attorney's Office does not have copies of the photographs.  Defendants also checked DHS's records for the photographs and DHS does not have copies.  Defendants will continue to search for the photographs.

### Memo book entries for Defendant Kessler and Defendant Romero

Defendants Kessler and Romero no longer have copies of their memo books. Both defendants indicated that their memo books were lost or misplaced prior to the commencement of this lawsuit.

### Video footage of the incident

The undersigned obtained a copy of the video footage from DHS on October 19, 2015. The copy received by this Office was not playable because it was missing the appropriate player. The undersigned informed plaintiff's counsel that the current copy was not playable. The undersigned was able to obtain the appropriate player on October 20, 2015 and the footage is now viewable. The undersigned sent the video for reproduction and will produce the footage as soon as it is available. The undersigned was informed that the video will be available by noon today. Defendants will hand-deliver the footage.

### Disciplinary Summaries and complete underlying files

Plaintiff's counsel is incorrect that defendants have not provided disciplinary summaries and complete underlying files. Defendants note that only three defendants have any disciplinary history with DHS. The defendants have turned over the complete files for each incident.[1] As an example, Defendant Dowtin's disciplinary summary was produced to plaintiff as DEF 694-698. The disciplinary summary provides a detailed account of each allegation. The complete file for each allegation has been produced as DEF 556 –DEF 734. For clarity, defendants will reproduce the summary for each defendant including screenshots of defendants without any disciplinary history.

### Performance Evaluation

The undersigned spoke with counsel for DHS concerning missing performance evaluations for the defendants. The undersigned was informed that we were provided full personnel files and that performance evaluation should have been included in the personnel files. The undersigned was informed that DHS will conduct another search for performance evaluations. Defendants will provide counsel with an update concerning performance evaluations.

### Documents of plaintiff's treatment by EMS/Central Booking Medical Screening

The undersigned cannot obtain plaintiff's EMS/Central Booking medical screening records because the FDNY and the Department of Health (Correction Health Services) will not provide the records without an appropriate release from plaintiff. This office does not have a release for either the EMS or the Central Booking Medical Screening report.

---

[1] Defendants note that DHS could not locate one file involving excessive tardiness for Defendant Romero which is from 2004. The result of the investigation, however, was produced to plaintiff as DEF 1178 and 1179.

**Incomplete Interrogatory Responses**

Plaintiff's counsel does not state how defendants' interrogatory responses are incomplete. Defendants responded to each interrogatory by referring counsel to documents provided in its production. For clarity, defendants for each interrogatory will refer plaintiff to specific documents that contain the responsive information as per Federal Rule 33(d)(1).

I thank the Court for its time and attention to this matter.

> Respectfully submitted,
>
> /s/
> Pernell M. Telfort

cc: Gabriel Harvis, Esq. (Via ECF)
   *Attorney for the Plaintiff*