

# Harvis & Fett

GABRIEL P. HARVIS
BAREE N. FETT

November 6, 2015

<u>BY ECF</u>
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Holmes v. City of New York, et al.*, 14 CV 10232 (KBF)

Your Honor:

I represent plaintiff in the above-referenced action. I write pursuant to the Court's order dated October 23, 2015, to respectfully request **that the Court resuscitate its prior sanction order.**

*Continuing Violations of Court Orders*

As the Court is aware, after defendants failed to respond to three consecutive compulsion motions and ignored Your Honor's discovery orders dated September 11 and 17, 2015, this Court entered an order dated October 14, 2015. The order waived defendants' objections to plaintiff's requests for discovery and imposed a scheme of monetary sanctions potentially culminating in the entry of judgment on liability for plaintiff and the scheduling of a damages inquest. *See* ECF nos. 27-30, 32 and 34.

At the Court's instruction, following a telephone conference held on October 19, 2015, plaintiff e-mailed defendants a detailed list of the outstanding material (nothing had been produced by that time) and filed a status letter regarding the state of defendants' compliance on October 21, 2015. *See* ECF nos. 35 and 37. Defendants responded for the first time by filing a status report describing their belated attempts to comply with the Court's orders and making representations about the imminent production of various categories of documents. *See* ECF no. 38. Based on those

Hon. Katherine B. Forrest
Nov. 6, 2015

representations, plaintiff agreed with the Court's suggestion that he temporarily "stand down" on sanctions, and the Court granted plaintiff's request that the October 14th sanctions order be held in abeyance pending defendants' full production of all outstanding material by today. *See* ECF nos. 39-41.

Regrettably, plaintiff must report that nothing has been produced since the Court docketed ECF 41 on October 23, 2015, contrary to defendants' own representations and the Court's imposition of a final, firm deadline. *See* ECF no. 38 (promising to produce, *inter alia*, complete medical records of the injured officer, underlying disciplinary records, officer performance evaluations and substantive interrogatory responses, all of which remain outstanding). The actual universe of material that has not been produced and was subject to the Court's prior orders is much larger though, as plaintiff indicated in his letter dated October 19, 2015. *See* ECF no. 37 at p. 2 and n.1. Amongst the additional material are basic documents such as the FDNY Pre-Hospital Care Report, plaintiff's mug shot, the central booking medical screening report and missing surveillance footage, along with relevant policies concerning document preservation and records of relevant officer training).

Under these circumstances, and as compounded by defendants' dilatory conduct with regard to the settlement conference scheduled for November 10, 2015 as described below, plaintiff is compelled to respectfully request that the Court now impose those sanctions as were previously held in abeyance.

*The November 10th Settlement Conference*

The parties jointly requested referral to the Honorable Andrew J. Peck for settlement purposes by letter dated October 7, 2015. *See* ECF no. 32; no. 33 (granting). By order dated October 19, 2015, Judge Peck scheduled a settlement conference for this Tuesday, November 10th. *See* ECF no. 36. In accordance with the October 19th order, the undersigned prepared and submitted a comprehensive *ex parte* memorandum to Judge Peck and Mr. Holmes, a 62-year-old man in poor health who has been staying with relatives in Florida, travelled to New York City at his expense specifically to attend the November 10th conference as required.

This afternoon the undersigned received a call from defense counsel notifying him for the first time that defendants were designating this case a "no pay" and that it was their intention to cancel Tuesday's conference. As of this writing, upon information and belief, defendants have still not provided the Court with the courtesy of a notification that they have no intention of participating in the long-awaited conference.

Hon. Katherine B. Forrest
Nov. 6, 2015

Plaintiff respectfully submits that defendants' approach to the settlement conference is a reflection of their general disregard for this litigation, the Court and their adversary.

In light of the foregoing, plaintiff respectfully **requests that the Court now impose those sanctions as were previously abated**.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:     ACC Pernell M. Telfort, Esq.