

GABRIEL P. HARVIS
BAREE N. FETT

November 13, 2015

<u>BY ECF</u>
Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Holmes v. City of New York, et al.*, 14 CV 10232 (KBF) (AJP)

Your Honor:

  I represent plaintiff in the above-referenced action. I write in opposition to defendants' letter motion for reconsideration filed on ECF yesterday evening. For the reasons set forth herein and discussed at length both on and off the record at the conference in this matter held on November 10, 2015, defendants' motion should be denied.

*Legal Standard Governing Reconsideration*

  The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y Local Rule 6.3 (requiring the movant to "set [ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.,* 395

Hon. Andrew J. Peck
Nov. 13, 2015

> F.Supp.2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.,* No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

*Calderon v. City of New York*, 14 CV 1082 (PAE), 2015 WL 6143711, *2 (S.D.N.Y. Oct. 19, 2015); *see also Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources….") (internal quotation marks and citation omitted). "Ordinarily, the final showing-manifest injustice-requires that the movant demonstrate that the Court overlooked a key fact in the record or a controlling point of law." *United States v. Jackson*, No. 15 CR 106 (JPO), 2015 WL 5920032, *1 (S.D.N.Y. Oct. 9, 2015) (citing *Cioce v. County of Westchester,* 128 Fed. App'x 181, 185 (2d Cir. 2005)).

*The Court's Prior Ruling Should Be Affirmed*

By any measure, defendants' application falls far short of the showing necessary to warrant reconsideration. As the Court is aware, the circumstances that led to the Court's rulings at the November 10th conference were entirely of defendants' own making and the key facts and controlling law were known to the Court when the decision was rendered. *See* Transcript of 11/10/15 hearing, annexed hereto as Exhibit 1, pp. 2-9.

Defendants elected to conduct no discovery whatsoever during the four-month allotted fact discovery period, acting with such disengagement and disregard that the the District Judge resorted to various sanctions schemes in an effort to induce defense participation in the litigation process. In the course of motion practice regarding discovery sanctions, the Hon. Katherine B. Forrest specifically ordered that fact discovery for defendants close today, but that plaintiff be permitted an additional thirty days based on defendants' delays. *See* ECF no. 41. Defendants never sought reconsideration of that order and are now time-barred from doing so.

Hon. Andrew J. Peck
Nov. 13, 2015

Defendants' malfeasance persisted in the week preceding the November 10th conference. Defendants failed to comply with Your Honor's order dated October 19, 2015, requiring them to submit a letter by November 3, 2015 and to have first made an offer to plaintiff. As explained by the Court on November 10th, defendants never submitted the letter and, after failing to respond to two voicemail messages from the Court, finally explained on that Friday afternoon (after a third call from the Court) that their intention was to cancel the conference. When the Court declined to cancel the conference and instructed defendants to submit a letter, defendants ultimately submitted a letter on the morning of November 9, 2015 dated November 6, 2015. *See* Exhibit 1 at p. 4, ln. 22 ("[T]hat's called a misleading letter.").[1]

Defendants' letter yesterday constitutes an effort to advance arguments presented to and rejected by this Court at the November 10th hearing and circumvent Judge Forrest's specific order, based on defendants' prior misconduct, setting today as defendants' discovery deadline, without having sought reconsideration of that order. Defendants' letter also blatantly misstates the record in connection with plaintiff's service of deposition notices. *See* ECF no. 51, p. 2 ("…neither party sent out formal notices of deposition prior to November 10, 2015."). In fact, plaintiff served formal notice of deposition upon all defendants by hand and e-mail on July 13, 2015, the date of the initial conference. Defendants also neglect to mention that plaintiff already submitted to a lengthy G.M.L. § 50-h hearing conducted by the City of New York before the litigation had commenced and was thus already examined on the specific claims at issue in this litigation.

Plaintiff respectfully submits that the only injustice here is the extraordinary amount of time and effort plaintiff and his counsel have been compelled to devote to obtaining basic participation in this matter by the defense, and the concomitant judicial resources that have been expended on that process.

Accordingly, plaintiff respectfully requests that defendants' motion for reconsideration be denied and that the Court affirm its prior order.

---

[1] Notably, defendants represented in a letter they submitted to Judge Forrest also on November 9th that "[d]efendants intend to participate in the settlement conference on November 10, 2015." Plaintiff respectfully submits that this amounted to a misrepresentation to Judge Forrest.

Hon. Andrew J. Peck
Nov. 13, 2015

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:    Pernell Telfort, Esq.